Filing # 32473295 E-Filed 09/24/2015 05:59:15 PM

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CIVIL DIVISION

DE LESSIE A. RUSSELL,

    Plaintiff,

v.                                                              Case No.:

NURSE-ON-CALL, INC. d/b/a NURSE ON
CALL HOME HEALTH CARE,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff DE LESSIE A. RUSSELL ("Russell"), by and through her undersigned counsel, hereby sues Defendant NURSE-ON-CALL, INC. d/b/a NURSE ON CALL HOME HEALTH CARE ("Nurse on Call") and alleges:

### JURISDICTION, PARTIES AND VENUE

1) This is an action for unlawful employment practices including disability discrimination in violation of the Florida Civil Rights Act of 1992, *as amended* ("FCRA"). §§ 760.01-.11, Fla. Stat. (2013).[1]

2) Russell seeks equitable relief and damages in excess of $15,000.00 including: lost wages and benefits; reinstatement or front pay in lieu thereof; compensatory and punitive damages; attorneys' fees, costs and expenses; and all other relief this Court deems just and proper.

3) Russell is an individual and a resident of Manatee County, Florida.

---

[1] Defendant's employment practices also violate the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 ("ADAAA"), thus, Plaintiff may amend this Complaint to assert her federal claims once the United States Equal Employment Opportunity Commission ("EEOC") issues a notice of right to sue.

Printed with pdfFactory trial version - purchase at www.pdffactory.com

4) Nurse on Call is a foreign corporation authorized to do business and doing business in Florida, maintaining its principal place of business in Florida, and maintaining a place of business in Manatee County, Florida.

5) Venue is appropriate in this Court, as a substantial part of the events giving rise to Russell's claims occurred in Manatee County, Florida.

## GENERAL ALLEGATIONS

6) Nurse on Call operates "Nurse on Call Home Health Care" in Bradenton, Florida.

7) Nurse on Call employed Russell from on or about March 21, 2014, to on or about September 23, 2014.

8) Russell was a Patient Care Coordinator, RN, for Nurse on Call and worked at its Bradenton, Florida location.

9) Up to the time she was terminated, Nurse on Call provided nothing but positive feedback and praise regarding Russell's performance.

10) On or about August 28, 2014, Russell informed Nurse on Call that she was having medical issues that may require treatment and necessitate her missing a couple of hours of work per week.

11) Subsequently, Russell informed Nurse on Call that she was going to need physical therapy.

12) In response, Nurse on Call required Russell to obtain a doctor's note.

13) On or about September 11, 2014, Russell provided Nurse on Call with a doctor's note saying she could work with restrictions but needed to attend physical therapy two times a week for six weeks.

Printed with pdfFactory trial version - purchase at www.pdffactory.com

14) In response, Russell's supervisors, Julie Guernesy and Marge Plaxa, called her in and demanded that Russell provide confidential medical information about her condition and medical tests, and questioned why the doctor did not specify her restrictions. Russell explained to Nurse on Call that her doctor's restrictions were that she could not do any heavy lifting, and that the doctor knew she worked in an office, so perhaps the doctor felt it was unnecessary to specify the restrictions.

15) Nurse on Call then informed Russell that, if she needed physical therapy for more than a couple of weeks, she would be terminated from her position because Nurse on Call needed someone Monday through Friday from 8:00 am to 5:00 pm with no exceptions, and that they could not place her in another position due to Russell's lifting restrictions.

16) Russell offered to schedule her physical therapy so that she would have either the first or last appointment of the day so that she could either come to work early or stay late to make up any time she missed due to the appointments and ensure all of her work was completed in a timely manner.

17) Russell had often worked early and late as well as from home in the past and explained that she already took work home most evenings.

18) Nurse on Call responded that, although Russell did great work, Nurse on Call did not offer "flex hours," that if she chose to do physical therapy they would have to replace her, and that they needed her detailed restrictions as soon as possible or she would be sent home.

19) That same day, Russell requested the detailed restrictions from her doctor.

20) The next day, Friday, September 12, 2014, Russell notified Nurse on Call's human resources representative, Jennifer Dawes, of her concerns regarding Nurse on Call's response to her request for reasonable accommodations.

Printed with pdfFactory trial version - purchase at www.pdffactory.com

21) On Thursday, September 18, 2014, Nurse on Call informed Russell that it had not received the detailed restrictions from her doctor and that she should not report to work, stating they did not want her working "in pain."

22) Russell informed Nurse on Call that her doctor was recommending that she apply for Short Term Disability ("STD") leave if Nurse on Call would not accommodate her. Nurse on Call advised Russell that she needed to take her job description to her doctor to have the doctor place her on STD.

23) On September 19, 2014, Russell went to her doctor again and turned in the paperwork to request STD benefits and leave because Nurse on Call would not provide her with a reasonable accommodation to allow her to continue working.

24) On or about September 23, 2014, Russell learned that Nurse on Call had terminated her employment effective September 22, 2014.

25) On September 30, 2014, Russell learned that her STD benefits were being denied because Nurse on Call had not provided the required information to the STD carrier. Eventually, the STD benefits were approved, but not without considerable delay and unnecessary emotional distress and financial hardship caused by Nurse on Call's failure to cooperate with Russell and/or the STD carrier.

### Count I – FCRA Violations

26) Russell restates and reincorporates herein her allegations in paragraphs numbered 1 through 25 above.

27) Russell has met all conditions precedent and exhausted all administrative remedies prior to filing suit including:

4

Printed with pdfFactory trial version - purchase at www.pdffactory.com

a) Filing a timely Charge of Discrimination with the Florida Commission on Human Relations ("FCHR"); and

b) Waiting more than 180 days from the date of filing her Charge of Discrimination without receiving a decision from the FCHR.

28) At all material times, Russell was an employee of Nurse on Call within the meaning of the FCRA.

29) At all material times, Nurse on Call was an employer within the meaning of the FCRA.

30) Russell is an individual with a disability within the meaning of the FCRA, as:

a) Russell suffers from a physical impairment, a back impairment, which substantially limits one or more major life activities, including her ability to walk, stand, sit, lift, reach, carry, sleep, care for herself, and complete common household tasks, etc., absent the ameliorative effects of pain medication and physical therapy; and/or

b) Nurse on Call regarded Russell as having a disability.

31) Russell is a qualified individual in that she satisfies the requisite skill, experience, education and other job-related requirements of the Patient Care Coordinator, RN, position and can perform the essential functions of such position with or without reasonable accommodation, as evidence by the fact that:

a) Nurse on Call reviewed Russell's qualifications and hired Russell for the position of Patient Care Coordinator, RN; and

b) Russell successfully performed all duties of Patient Care Coordinator, RN, while employed by Nurse on Call.

Printed with pdfFactory trial version - purchase at www.pdffactory.com

32) Nurse on Call denied reasonable accommodations to Russell and discriminated against Russell on the basis of her disability and/or retaliated against Russell for engaging in protected activity under the FCRA by, among other things:

a) Conducting an unlawful medical inquiry and requiring Russell to provide confidential medical information to Nurse on Call;

b) Requiring that Russell be able to lift 50 pounds or more to continue working in her position even though such heavy lifting was not an essential duty of the Patient Care Coordinator, RN, position;

c) Refusing to allow Russell to work a flexible schedule two days a week for six weeks or provide any other reasonable accommodation so that she could attend medical appointments;

d) Refusing to allow Russell's doctor sufficient time to provide medical documentation and/or not allowing Russell to return to work without the doctor detailing her restrictions in writing;

e) Failing to engage in an interactive process to identify a reasonable accommodation for Russell;

f) Forcing Russell to apply for STD benefits and take a leave of absence instead of providing a reasonable accommodation to permit her to continue working;

g) Refusing to provide adequate information and cooperate with Russell and the STD carrier to timely obtain her benefits; and

h) Terminating Russell's employment.

6

Printed with pdfFactory trial version - purchase at www.pdffactory.com

33) As a result of Defendant's actions, Russell has suffered lost wages and benefits, emotional distress, financial hardship, and has incurred reasonable attorneys' fees, costs and expenses.

34) Nurse on Call acted with malice or reckless indifference to Russell's statutorily protected rights.

35) Alternatively, Nurse on Call knowingly violated Russell's statutorily protected rights, knowingly condoned, ratified or consented to such conduct, or acted with gross negligence that contributed to the violation of Russell's rights.

36) As a result of the foregoing actions, Russell retained the undersigned law firm to which she is obligated to pay reasonable attorneys' fees, costs and expenses.

WHEREFORE, Russell requests that judgment be entered in her favor and against Nurse on Call, that the Court declare the actions of Nurse on Call to be unlawful disability discrimination and/or retaliation in violation of the FCRA; award Russell back pay, including benefits; reinstatement or front pay and benefits in lieu of reinstatement; compensatory damages; punitive damages; reasonable attorneys' fees, costs and expenses pursuant to §760.11, Fla. Stat. (2013); and such other relief as the Court deems just and appropriate including without limitation any special, actual or nominal damages warranted.

**RUSSELL DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

SHANKMAN LEONE, P.A.

/s/ Kendra D. Presswood
Kendra D. Presswood
Florida Bar No. 0935001
kpresswood@shankmanleone.com
707 North Franklin Street, 5th Floor
Tampa, Florida 33602
Phone: (813) 223-1099; Fax: (813) 223-1055
Attorneys for Plaintiff

Printed with pdfFactory trial version - purchase at www.pdffactory.com