**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DE LESSIE A. RUSSELL,

    Plaintiff,

v.                                       Case No: 8:15-cv-2499-T-30JSS

NURSE-ON-CALL, INC.,

    Defendant.

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Remand (Dkt. 9) and Defendant's Response in Opposition. The Court has reviewed the filings, the evidence submitted by the parties, and the relevant law. Because Defendant has failed to show by a preponderance of the evidence that the Court's jurisdictional amount-in-controversy requirement is satisfied, the Court concludes that the motion should be granted.

### FACTUAL BACKGROUND

Plaintiff De Lessie Russell filed this action in state court, alleging that Defendant Nurse-On-Call, Inc, Russell's former employer, terminated her in violation of the Florida Civil Rights Act, Fla. Stat. §§ 760.01-760.11 (FCRA). Invoking the Court's diversity jurisdiction, Defendant removed the case. Now Russell seeks remand.

### DISCUSSION

Where the basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, as it is here, the removing Defendant has the burden of demonstrating (1) complete diversity of

citizenship and (2) an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). While Russell and Defendant dispute both diversity and the amount-in-controversy, the Court concludes that the amount in controversy is not met and will remand on that basis alone.

**Calculating the Amount in Controversy**

When damages are not specified in the state court complaint, the defendant seeking removal must demonstrate by a preponderance of the evidence that "the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citation and internal quotation marks omitted). The defendant, however, is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

In reviewing whether the amount is met, a court should first look to the complaint. *Id.* If the amount is unascertainable from the complaint, the court can look to the notice of removal and other "evidence relevant to the amount in controversy at the time the case was removed," including evidence submitted in response to the motion to remand. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001). This evidence includes affidavits, declarations, or other documentation. *Pretka*, 608 F.3d at 755. Court are permitted to make reasonable inferences and deductions when calculating the amount in controversy, *see id.* at 770, and they should "use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062.

Russell's complaint alleges only that her damages exceed $15,000, so the parties properly rely on additional evidence to support their claims concerning the amount in controversy. *See Pretka*, 608 F.3d at 754. Defendant supplied the affidavit of Liberty Stansberry, Nurse-On-Call's Senior Vice President of Human Resources, in which she states that Russell's annual compensation at Nurse-On-Call was $68,000, plus approximately $2,000 in benefits, and that as of Defendant's date of removal, Russell would have earned $73,667.67 had she remained a Nurse-On-Call employee. When the Court considers the likely date of trial and the other relief sought by Russell's complaint ("compensatory and punitive damages, attorneys' fees, costs and expense"), Defendant argues, "the amount in controversy necessarily exceeds $75,000." (Dkt. 12, p. 8).

But Russell submitted evidence demonstrating that, since her termination, she has significantly mitigated her lost wages. In a declaration, she acknowledges that she was only unemployed for a total of ten weeks, that she first got a new job that paid her only slightly less than what she made at Nurse-On-Call ($64,000 to $68,000 annually), and that she then got her current job, which pays her more than what she made at Nurse-On-Call ($74,000 to $68,000 annually). She also testified that the medical and other benefits provided by each employer have been virtually the same. Based on this mitigation, Russell calculates her lost wages as being closer to $13,000. (Russell Decl., ¶ 11).

As rebuttal, Defendant provides a faulty calculation of back pay. These back pay damages, Defendant argues, should be determined by first calculating Russell's would-be salary at Nurse-On-Call through the date of trial, and then subtracting that total by the

3

roughly $60,000 she made at her first new job. Depending on the date of trial, this figure ends up being somewhere between $84,000 and $157,000.

This figure fails to account for that fact that, according to Russell's evidence, she left her first new job on the occasion of her getting a higher paying job, one that paid her—and still pays her—more than she earned at Nurse-On-Call. By this account, Russell's damages for lost wages, for both back and front pay, were arrested by Russell's acquisition of this new job. *See generally Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240, 1243-44 (M.D. Fla. 2011). Her lost wages are therefore much more likely to be closer to the figure she offers, $13,000, and this amount will be a factor in determining a reasonable attorney fee.

The Court recognizes that it may use its "judicial experience and common sense" to consider other claimed damages when calculating the amount in controversy. *Wineberger v. Racetrac Petroleum, Inc.*, No. 5:14-cv-653-Oc-30PRL, 2015 WL 225760, *2 (M.D. Fla. Jan. 16, 2015) (quoting *Roe v. Michelin N. Am. Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)). And indeed the Court is when it concludes that the roughly $60,000 difference remaining between the evidence of damages and the required amount in controversy ($75,000 to approximately $13,000) calls for the Court to speculate too much about what Russell might recover. *See generally McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014); *see also Biffar v. GCA Servs. Grp., Inc.*, No. 8:15-cv-1154-T-33TGW, 2015 WL 4042103, *3 (M.D. Fla. July 1, 2015).

The evidence has not shown that it is more likely than not that the amount in controversy exceeds $75,000.

4

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Remand (Dkt. 9) is GRANTED.

2. The Clerk of Court is directed to REMAND this case to the Circuit Court of the Twelfth Judicial Circuit in and For Manatee County, Florida and to provide that court with a copy of this Order.

3. The Clerk is further directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida, this 12th day of January, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record